IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLEON JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-cv-09652 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| MAYWOOD MELROSE PARK | ) | |
| BROADVIEW SCHOOL DISTRICT 89, | ) | |
| BOARD OF EDUCATION OF SCHOOL | ) | |
| DISTRICT NO. 89, COOK, ILLINOIS, and | | |
| DAVID BRUSAK, | | |
| | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cleon Jones brings claims against Defendants Maywood Melrose Park Broadview School District 89, Board of Education of School District No. 89, and David Brusak under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. ("FMLA") and 42 U.S.C. § 1983. Before the Court is Defendants' motion to dismiss for failure to state a claim [9]. For the reasons set forth below, Defendants' motion to dismiss [9] is granted in part and denied in part: the Court denies Defendants' motion with respect to Plaintiff's FMLA claims in Count I, and grants Defendants' motion with respect to Plaintiff's due process claims in Count II. Plaintiff is given until August 11, 2017, to file an amended complaint consistent with this opinion.[1] This case is set for further status hearing on August 23, 2017 at 9:00 a.m.

**I.     Background**

Plaintiff Cleon Jones formerly worked as a teacher's assistant for Defendant Melrose Park Broadview School District No. 89 ("District 89"). Plaintiff contends that Defendant

---

[1] In his response brief, Plaintiff requests leave to file an amended complaint if the Court grants any part of Defendants' motion to dismiss. [14, at 11.]

1

District 89 is overseen and controlled by Defendant Board of Education of School District No. 89, Cook, Illinois ("Board of Education"). According to Plaintiff, Defendant Davis Brusak held the position of Assistant Superintendent of Human Resources at all times relevant to this lawsuit. [1, at ¶¶ 6–8.]

Plaintiff began his employment with Defendant District 89 in or about 2013. Plaintiff alleges that in February 2016, Plaintiff applied for FMLA leave to care for his mother, who recently had been diagnosed with cancer. [*Id.* at ¶¶ 11–19.] Plaintiff contends that on March 11, 2016, Defendant Brusak sent a letter to Plaintiff indicating that the Board of Education had approved his FMLA request, "which they dated back to February 23, 2016 and set to end on May 15, 2016." [*Id.* at ¶ 20.] Plaintiff asserts that on May 11, 2016, Defendant Brusak sent Plaintiff a letter indicating that his FMLA leave would expire on May 16, 2016. Plaintiff alleges that Defendant Brusak also indicated in his letter that despite the fact that Plaintiff had provided documentation to extend his FMLA time, this extension was not approved. [*Id.* at ¶ 22.] Plaintiff alleges upon information and belief that after learning that Plaintiff needed additional leave time, none of the Defendants approached or discussed with Plaintiff the possibility of an intermittent or reduced-leave schedule, which Plaintiff alleges was required by Defendant District 89's FMLA policy, or a medical leave of absence, which Plaintiff alleges was provided for in the union contract. [*Id.* at ¶ 23.]

According to Plaintiff, Defendant Brusak or another agent of Defendants miscalculated Plaintiff's FMLA time. Plaintiff contends that Defendant District 89 had a policy regarding FMLA indicating that an "eligible employee may take FMLA leave for up to a combined total of 12 weeks each 12-month period" and that "[a]ny full workweek period during which the employee would not have been required to work, including summer break, winter break and

spring break, is not counted against the employee's FMLA leave entitlement." [*Id.* at ¶¶ 21, 24.] Plaintiff asserts that twelve weeks from February 23, 2016—the start of his FMLA leave—is May 17, 2016 (not May 15 or 16, as indicated by Defendants). Plaintiff further asserts that since spring break (March 25 through April 1) does not count as FMLA leave under Defendants' policy, his FMLA leave "did not run out until May 24, 2016." [*Id.* at ¶ 24.]

Plaintiff did not show up for work or call his employer from Monday, May 16 through Friday, May 20, or Monday, May 23, 2016. Defendants disciplined Plaintiff for "No Call / No Show" for these days. [*Id.* at ¶ 25.] Plaintiff alleges that these No Call / No Shows "were used by Defendants to terminate Plaintiff's employment." [*Id.* at ¶ 26.] Plaintiff also alleges that he was not provided with progressive discipline as set forth in Defendant District 89's Contractual Agreement with Local No. 73, of which Plaintiff was a member. [*Id.* at ¶ 27.] Plaintiff contends that he was placed on administrative leave on May 23, 2016. Plaintiff alleges upon information and belief that on June 9, 2016, Defendant Board of Education voted on the recommendation for Plaintiff's dismissal, and he was terminated. [*Id.* at ¶ 29.]

On October 11, 2016, Plaintiff brought this suit alleging in Count I that Defendants violated the FMLA by "unlawfully, intentionally and willfully" interfering with and burdening Plaintiff's exercise of his FMLA rights, [*id.* at ¶ 35], and that Defendants considered Plaintiff's FMLA time as a negative factor against him in moving for his termination, [*id.* at ¶ 37]. In Count II, Plaintiff alleges that Defendants violated his procedural and substantive due process rights under the Fourteenth Amendment by failing to provide step discipline and "fast tracking termination of Plaintiff's employment with Defendants." [*Id.* at ¶ 43.] On December 9, 2016, Defendants filed a motion to dismiss. [10.]

3

## II. Legal Standard

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

## III. Analysis

### A. Count I: FMLA

Under the FMLA, an eligible employee is entitled to as many as twelve weeks of leave per year for a variety of reasons, including "to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C); see also *Scruggs v. Carrier Corp.*, 688 F.3d 821, 825 (7th Cir. 2012).

4

In Count I, Plaintiff alleges FMLA interference in violation of 29 U.S.C. § 2615(a)(1) and FMLA retaliation in violation of 29 U.S.C. § 2615(a)(2).

### 1. FMLA Interference

The FMLA prohibits employers from interfering with, restraining, or denying the exercise of a right under the FMLA. 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 825.220(a)(1). To state a claim for FMLA interference, the plaintiff must allege the following: (1) the employee was eligible for FMLA protection; (2) the employer was covered by the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee provided sufficient notice of his intent to take FMLA leave; and (5) the employer denied the employee FMLA benefits to which he or she was entitled. *Righi v. SMC Corp.*, 632 F.3d 404, 408 (7th Cir. 2011); *Ryan v. Pace Suburban Bus Div. of Reg'l Transp. Auth.*, 837 F. Supp. 2d 834, 838–39 (N.D. Ill. 2011).

Here, Plaintiff properly alleges facts supporting the first four required elements since he contends that he applied for and was approved for FMLA leave. See *Ryan*, 837 F. Supp. 2d at 839 (concluding that plaintiff properly alleged facts supporting the first four elements since he took leave under the FMLA). Plaintiff also has satisfied the fifth element by alleging that he was entitled to one more week of FMLA leave (May 17 through May 24, 2016) and that Defendants denied him this twelfth week of FMLA leave by improperly counting spring break towards his FMLA leave. See 29 C.F.R. § 825.200(h) ("[I]f for some reason the employer's business activity has temporarily ceased and employees generally are not expected to report for work for one or more weeks (e.g., a school closing two weeks for the Christmas/New Year holiday or the summer vacation [ ]), the days the employer's activities have ceased do not count against the employee's FMLA leave entitlement."). Thus, Plaintiff states a plausible claim for FMLA interference.

Defendants argue that Plaintiff has failed to allege that he is an eligible employee under the FMLA. An employee is eligible for FMLA protection if he has been employed "(i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(a). Defendants argue that Plaintiff has failed to allege that he performed the requisite amount of hours of service during the twelve month period prior to seeking FMLA leave. This argument fails because Plaintiff alleges that he was entitled to, applied for, and was approved for FMLA leave. That allegation suffices to plead that Plaintiff is an eligible employee.

Next, Defendants argue that Plaintiff "offers no allegations that would support his claim that he was entitled to FMLA leave beyond May 15, 2016." However, Plaintiff clearly alleges that Defendants miscalculated his FMLA by not taking spring break into consideration and that he was entitled to FMLA leave through May 24, 2017. See *Bertrand v. City of Lake Charles*, 2012 WL 1596706, at *5 (W.D. La. May 3, 2012) (holding that defendant employer interfered with plaintiff employee's rights under the FMLA by improperly counting holidays against her leave entitlement and explaining that "[i]n general, only time during which the employee was otherwise scheduled to work may be counted as FMLA leave").

Defendants also make several arguments related to Plaintiff's request for an extension of FMLA leave. According to Defendants, Plaintiff fails to allege (1) that he was an eligible employee at the time he requested an extension of FMLA leave, and (2) that he provided sufficient notice of his intent to take FMLA leave "for the additional dates after his approved leave ended." However, these arguments miss the mark. Plaintiff's allegations are not premised on Defendants' denying Plaintiff's request for an extension of FMLA leave; rather Plaintiff

6

alleges that he was improperly denied a twelfth week of FMLA leave to which he was entitled when he applied for and was approved for FMLA leave in the first instance. Therefore, Defendants' motion to dismiss Plaintiff's claim of FMLA interference is denied.

### 2. FMLA Retaliation

The FMLA also prohibits employers from discharging or otherwise discriminating against employees for exercising their rights under the FMLA. 29 U.S.C. § 2615(a)(2); 29 C.F.R. § 825.220(a)(2); see also *Carter v. Chicago State Univ.*, 778 F.3d 651, 657 (7th Cir. 2015). An employer may not consider the taking of FMLA leave as a negative factor in employment actions. 29 C.F.R. § 825.220(c); *King v. Preferred Tech. Grp.,* 166 F.3d 887, 891 (7th Cir. 1999). To state a claim for FMLA retaliation, the plaintiff must allege the following: (1) he or she engaged in a statutorily protected activity; (2) he or she suffered an adverse action; and (3) a causal link between the protected activity and the adverse action. *Ryan*, 837 F. Supp. 2d at 839.

Here, it is undisputed that Plaintiff satisfied the first two elements. Plaintiff sufficiently alleges that he engaged in a statutorily protected activity by taking FMLA leave, and he sufficiently alleges that he suffered an adverse action when he was terminated on June 9, 2016. Defendants argue, however, that Plaintiff has not pled the requisite causal connection because he has not sufficiently alleged that his termination was motivated by an impermissible retaliatory animus. This argument fails because Plaintiff alleges that Defendants miscalculated his FMLA time and "used the remainder of Plaintiff's FMLA time to discipline him for No Call/No Show on May 16–May 20, 2016 and May 23, 206," [1, at ¶ 24], that Defendants "considered Plaintiff's FMLA time as a negative factor against him in moving for his termination," [*id.* at ¶ 37], and that "[t]here exists a causal link between Plaintiff availing himself of FMLA rights and the

subsequent harassment, retaliation, and termination suffered by the Plaintiff" [*id.* at ¶ 39]. Therefore, Defendants' motion to dismiss Plaintiff's claim of FMLA retaliation is denied.

B.  **Count II: Due Process**

In Count II, Plaintiff brings a claim of violation of his procedural and substantive due process rights pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment of the U.S. Constitution. Plaintiff alleges that Defendants failed to provide him with progressive discipline as set forth in Defendant District 89's Contractual Agreement with Local No. 73, of which Plaintiff was a member. [1, at ¶ 27.]

1.  **Procedural Due Process**

To state a claim for a violation of procedural due process, a plaintiff must allege "(1) a deprivation of a protected interest, and (2) insufficient procedural protections surrounding the deprivation." *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). Defendants do not challenge whether Plaintiff has sufficiently alleged a deprivation of a protected interest; however, Plaintiff still must satisfy both prongs to properly state a claim.[2]

Property interests are not created by the Constitution but are instead derived from independent sources, such as state law. *Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922, 943 (7th Cir. 1996). Because Plaintiff was employed in Illinois, the Court looks to Illinois law to determine whether he had a protected property interest in his employment. *Moss v. Martin*, 473 F.3d 694, 700 (7th Cir. 2007). Under Illinois law, a person has a property interest in his job where he has a legitimate expectation of continued employment based on a legitimate claim of entitlement. *Covell v. Menkis*, 595 F.3d 673, 676 (7th Cir. 2010). "To show a legitimate

---

[2] Defendants argue that Plaintiff's procedural and substantive due process claims should be dismissed because the procedural protections provided in the collective bargaining agreement are adequate and because Plaintiff has failed to state a claim for substantive due process. [10, at 8–11.] Since the Court concludes that Plaintiff has not sufficiently alleged a deprivation of a protected interest, the Court need not address Defendants' additional arguments.

expectation of continued employment, a plaintiff must show a specific ordinance, state law, contract or understanding limiting the ability of the state or state entity to discharge him." *Moss*, 473 F.3d at 700 (citation and internal quotation marks omitted). The presumption in Illinois is that employment is at-will. *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009).

Applying that controlling law to the case at hand, Plaintiff fails to allege that he legitimately expected that his employment would continue based on a specific ordinance, state law, contract, or understanding limiting the ability of Defendants to discharge him. Thus, Plaintiff fails to adequately allege that he had a property interest in his continued employment, and his procedural due process claim must be dismissed. See *O'Gorman v. City of Chicago*, 958 F. Supp. 2d 928, 937–39 (N.D. Ill. 2013), aff'd, 777 F.3d 885 (7th Cir. 2015) (explaining that plaintiff failed to adequately allege that he had a property interest in continuing employment or reinstatement where plaintiff "cite[d] no ordinance or state law, and fail[ed] to identify a written contract, to support his property interest" in continuing employment or reinstatement).

### 2. Substantive Due Process

Plaintiff also asserts a substantive due process claim. The scope of protections afforded by substantive due process is very limited and applies only to decisions affecting fundamental rights. See *Belcher v. Norton*, 497 F.3d 742, 752 (7th Cir. 2007). As explained above Plaintiff fails to adequately allege that he had a property interest in his continued employment. Further, employment rights are state-created rights, and an employee's interest in maintaining employment is not a fundamental right protected by substantive due process. See *Montgomery v. Stefaniak*, 410 F.3d 933, 939 (7th Cir. 2005) (explaining that plaintiff's claim that defendants wrongfully terminated her employment was insufficient to state a substantive due process claim since plaintiff did not allege that defendants violated some other constitutional right or that

available state remedies are inadequate); *Zorzi v. County of Putnam*, 30 F.3d 885, 895 (7th Cir. 1994) (explaining that substantive due process does not protect occupational liberty); *Weissbaum v. Hannon*, 439 F. Supp. 869, 873 (N.D. Ill. 1976) (explaining that since non-tenured teacher had no property interest entitling him to procedural due process, there was no greater right to substantive due process); see also *Silva v. Bieluch*, 351 F.3d 1045, 1048 (11th Cir. 2003) ("Because employment rights are state-created rights and are not 'fundamental' rights created by the Constitution, they do not enjoy substantive due process protection."); *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 142 (3d Cir. 2000) (holding that tenured public employment not a fundamental property interest entitled to substantive due process protection and collecting cases). Thus, the Court grants Defendants' motion to dismiss Plaintiff's substantive due process claim.[3]

## IV. Conclusion

For the foregoing reasons, the Court denies Defendants' motion to dismiss [9] with respect to Plaintiff's FMLA claims in Count I, and grants Defendants' motion with respect to Plaintiff's due process claims in Count II. Plaintiff is given until August 11, 2017, to file an amended complaint consistent with this opinion, if Plaintiff believes that he can overcome the deficiencies identified above. This case is set for further status hearing on August 23, 2017 at 9:00 a.m.

Dated: July 11, 2017

_____
Robert M. Dow, Jr.
United States District Judge

---

[3] Since the Court concludes that Plaintiff fails to adequately allege that he had a property interest in his continued employment, the Court need not address Defendants' other arguments as to why Plaintiff's due process claims should be dismissed.